UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. THEEDE,<br><br>   Plaintiff,<br><br>   v.<br><br>CHICAGO TITLE COMPANY, et al.,<br><br>   Defendants. | No. 2:15-cv-1833-KJM-KJN PS<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Robert L. Theede, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice and that plaintiff's application to proceed *in forma pauperis* in this case be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff's complaint alleges that he agreed to sell certain real property located in Stockton, California to defendants Shaker Ahmed and Siama Ahmed. On August 31, 2012, plaintiff and the Ahmeds allegedly went to the offices of defendant Chicago Title Company, where plaintiff signed various real estate/escrow documents, including a grant deed to the Ahmeds. According to plaintiff, the documents and escrow were to be held until plaintiff could clear up an issue involving past-due property taxes. However, unbeknownst to plaintiff, Chicago Title Company purportedly allowed the real property sale to close, and defendant Siama Ahmed recorded the grant deed on or about September 4, 2012. Plaintiff claims that he never received any consideration for the real property, and that his efforts to rectify the situation with defendant Chicago Title Company and the Better Business Bureau have been unsuccessful. Plaintiff's complaint asserts various state law claims, including breach of contract, misrepresentation, fraud, deceit, negligence, intentional infliction of emotional distress, and elder abuse. Plaintiff seeks $320,000.00 in monetary damages; return of the real property; monetary damages for emotional distress and elder abuse; and attorneys' fees. (See generally Complaint, ECF No. 1.)

The court plainly does not have federal question jurisdiction over the action, because plaintiff does not assert any federal claims against defendants. Instead, plaintiff contends that the court has diversity jurisdiction over the action. However, because both plaintiff and at least some of the defendants (Shaker Ahmed and Siama Ahmed) are citizens of California, there is no

complete diversity of citizenship. As such, the court lacks federal subject matter jurisdiction, and the action should be dismissed.

In recommending dismissal of the action, the court expresses no opinion regarding the merits of plaintiff's claims, and the dismissal should be without prejudice, allowing plaintiff to attempt to pursue his claims in an appropriate state court, if he elects to do so.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice.
2. Plaintiff's motion to proceed *in forma pauperis* in this case (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3